# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| REGINA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-6018-CV-SJ-GAF-P |
| | ) |
| CORIZON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon review of the files and record in this case, it is **ORDERED** that:

(1) Plaintiff's motion for preliminary injunction (Doc. 5) is denied, because Plaintiff seeks a change in the relationship of the parties rather than a preservation of the status quo and cannot otherwise satisfy any of the factors for preliminary injunctive relief as set forth in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F. 2d 109, 113 (8th Cir. 1981);[1] and

(2) Plaintiff's motion for appointment of counsel (Doc. 4) is denied without prejudice.[2]

/s/ Gary A. Fenner_____
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2019.

---

[1] "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994). The Supreme Court set out the following factors for determining if a preliminary injunction should be issued: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* "A preliminary injunction is an extraordinary remedy awarded as of right." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The movant has the burden of proving that a preliminary injunction should be issued. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989 en banc).

[2] ."There is no constitutional right to appointed counsel in civil cases." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995)). Rather, "[i]n civil rights matters the court *may*, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors to be considered by the district court in determining whether to appoint counsel in a civil case are "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794. The record has not been developed sufficiently to determine if appointment of counsel is justified.