## Certificate of Service

I hereby certify that on *May 5 2019*, I gave the foregoing **First Amended Complaint** to the staff member at the Chillicothe Correctional Center who is responsible for filing documents using the CM/ECF with the Clerk of the Court for the United States District Court for the Western District of Missouri by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Regina Williams

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| Regina Williams, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-6018-CV-SJ-GAF |
| | ) | |
| v. | ) | |
| | ) | |
| Corizon Health, in its Official Capacity | ) | |
| and in its Individual Capacity, | ) | |
| Thomas K. Bredeman, in his Official | ) | |
| Capacity and in his Individual Capacity, | ) | |
| Stormi Moeller in her Official Capacity | ) | |
| and in her Individual Capacity, Jenny | ) | |
| Meehan in her Official Capacity and in | ) | |
| her Individual Capacity, Karen Epperson | ) | |
| in her Official Capacity and in her | ) | |
| Individual Capacity, and Valacia Kirby | ) | |
| in her Official Capacity and in her | ) | |
| Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

AND NOW comes the Plaintiff, Regina Williams, *Pro Se* and files the

within First Amended Complaint and in support thereof respectfully states the

following:

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the

Fourteenth and Eighth Amendments of the United States Constitution and the

1

Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983 against Corizon LLC, Thomas K. Bredeman, MD; Stormi Moeller, RN; Jenny Meehan, RN; Valacia Kirby, RN; and Karen Epperson, MD. All defendants are being sued in both their official capacity as well as their individual capacities. Defendants are hereinafter referred to collectively as ("Defendants").

2. Plaintiff is Regina Williams, (hereinafter referred to as "Williams") and is an adult individual, who at all times relevant hereto is currently, and has been, in the custody of the Missouri Department of Corrections and confined at the Chillicothe Correctional Center which is situated in the Western District of Missouri. Williams brings this action against Defendants for injuries suffered as a result of Defendants' substantial and deliberate indifference to her health, safety and welfare.

3. Defendants were negligent by, without limiting other acts and behaviors: failing to honor Plaintiff's medical needs and prescriptions; failing to properly diagnose and treat Plaintiff's medical conditions; failing to prescribe the proper medications; prescribing incorrect or improper medications; failing to order the necessary medical tests; failing to protect Plaintiff from harm from improper medications that were prescribed or provided to her; administering incorrect or improper medications to Plaintiff with deliberate indifference to Plaintiff's pain and suffering. Defendants deprived Plaintiff of rights guaranteed by the Eight and Fourteenth Amendments to the Constitution of the United

2

States. As a consequence of Defendants' actions, Plaintiff suffered physical and emotional injuries, emotional distress and deprivation of her constitutional rights.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343.

5.  At all relevant times, the Plaintiff was an inmate confined within the Missouri Department of Corrections.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

7. Divisional venue is in the Western District of Missouri because the events leading to the claim arose in this district.

8. Plaintiff has exhausted all her available administrative remedies for all claims through timely grievances setting forth the basis for her complaints, when they occurred and who was involved, as is required by the Prison Litigation Reform Act.

9. The Statute of Limitations has not run in this case because each time Defendants prolong Plaintiff's agony by not easing her painful condition, it marks a fresh infliction of punishment causing the Statute of Limitations to run anew.

## PARTIES

10.   Plaintiff is an individual residing in Missouri. At all times relevant hereto, Plaintiff was an inmate confined within the Missouri Department of Corrections as is more fully set forth in ¶2 above.

11.   Corizon, LLC ("Corizon"), at all relevant times, is and was a private medical provider/carrier hired by the Missouri Department of Corrections to provide medical care to inmates confined within the Chillicothe Correctional Center.  Corizon is responsible for providing, directing, supervising, implementing and approving medical care for inmates at the facility, including Plaintiff, as well as creating and implementing policies, procedures, customs, and practices to protect the inmates from harm and to provide constitutionally adequate medical care. Corizon acted under color of law as set forth below in its provision of medical care to Plaintiff while she was an inmate in the custody of the Missouri Department of Corrections, and in its establishing unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of medical care to Plaintiff and inmates like Plaintiff. Corizon acted by and through its employees, servants and agents (actual, ostensible and implied) including Defendants.

12. Thomas K. Bredeman (hereinafter "Bredeman") at all relevant times, is and was a physician and an agent, servant and/or employee of Corizon, employed at the Chillicothe Correctional Center (hereinafter "CCC").  Plaintiff

4

believes, and therefore avers, that Bredeman is also an Assistant Regional Medical Director for Corizon. Bredeman contracts and agrees with Corizon to provide medical care to inmates in custody at the CCC, including Plaintiff, and agreed to treat Plaintiff pursuant to Corizon's policies and procedures. Bredeman acted under the color of law in his providing of medical care to Plaintiff while an inmate in the custody of CCC pursuant to, and in the course and scope of, a contract or agreement with Corizon, in implementing and following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of medical care to Plaintiff, and in his decisions to deny and refuse reasonable medical care for Plaintiff's serious medical needs while she was confined within CCC.

13. Karen Epperson (hereinafter "Eperson"), at all relevant times, is and was a physician and an agent, servant and/or employee of Corizon, employed at the CCC. Epperson contracts and agrees with Corizon to provide medical care to inmates in custody at the CCC, including Plaintiff, and agreed to treat Plaintiff pursuant to Corizon's policies and procedures. Epperson acted under the color of law in: her provision of medical care to Plaintiff while an inmate in the custody of CCC pursuant to, and in the course and scope of, a contract or agreement with Corizon, in implementing and following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of medical care to Plaintiff, and in her decisions to deny and

5

refuse reasonable medical care for Plaintiff's serious medical needs while she was an inmate in the custody of CCC.

14. Stormi Moeller (hereinafter "Moeller"), at all relevant times, is and was a Registered Nurse and an agent, servant and/or employee of Corizon, employed at the CCC. Moeller contracts and agrees with Corizon to provide medical care to inmates in custody at the CCC, including Plaintiff, and agreed to treat Plaintiff pursuant to Corizon's policies and procedures. Moeller acted under the color of law in: her provision of medical care to Plaintiff while an inmate confined within the CCCC pursuant to, and in the course and scope of, a contract or agreement with Corizon, in implementing and following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of medical care to Plaintiff, and in her decisions to deny and refuse reasonable medical care for Plaintiff's serious medical needs while she was an inmate in the custody of the CCC.

15. Jenny Meehan (hereinafter "Meehan"), at all relevant times, is and was a Registered Nurse and an agent, servant and/or employee of Corizon, employed at the CCC. Plaintiff believes, and therefore avers, that Meehan was, at least during some of the time between July 5, 2017 to April 29, 2019, the Director of Nursing at the CCC. However, at all relevant times she was an agent, servant and/or employee of Corizon. Meehan contracts and agrees with Corizon to provide medical care to inmates in custody at CCC and agreed to

6

treat Plaintiff pursuant to Corizon's policies and procedures. Meehan acted under the color of law in: her provision of medical care to Plaintiff while an inmate in custody of the CCC pursuant to, and in the course and scope of, a contract or agreement with Corizon, in implementing and following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of medical care to Plaintiff, and in her decisions to deny and refuse reasonable medical care for Plaintiff's serious medical needs white an inmate in the custody of the CCC.

16. Valacia Kirby (hereinafter "Kirby"), at all relevant times, is and was a Registered Nurse and functioned in the capacity of a Nurse Practitioner and was an agent, servant and/or employee of Corizon, employed at the CCC. Kirby contracts and agrees with Corizon to provide medical care to inmates in custody at CCC and agreed to treat Plaintiff pursuant to Corizon's policies and procedures. Kirby acted under the color of law in: her provision of medical care to Plaintiff while an inmate in custody of the CCC pursuant to, and in the course and scope of, a contract or agreement with Corizon, in implementing and following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of medical care to Plaintiff, and in her decisions to deny and refuse reasonable medical care for Plaintiff's serious medical needs white an inmate in the custody of the CCC.

## **FACTUAL ALLEGATIONS**

17.  Starting in or about July, 2017 Plaintiff was diagnosed with a serious back and/or spinal condition that has caused her continuous pain, weakness and has made it necessary for her to be confined to a wheelchair since on or about October 19, 2017.

18.  As a result of the serious back and/or spinal condition Plaintiff is and has been unable to perform basic human needs without severe pain and assistance from others.

19.  According to medical records obtained by the Plaintiff, she is suffering from foraminal stenosis, radiculopathy, neuropathy, as well as two bulging discs in her spine.

20.  Despite several requests from a nurse practitioner in or about 2017 and 2018, who was an agent, servant and/or employee of Corizon, that Plaintiff receive additional X-Rays, an MRI, a CAT Scan, and be seen by a neurologist to properly assess and treat her serious back condition, Bredeman has repeatedly denied those requests.

21.  On or about October 19, 2017 Moeller denied a request made by an agent, servant and/or employee of Corizon for Plaintiff to receive a CAT Scan.

22.  On or about December 21, 2017 Corizon denied another request submitted by an agent, servant and/or employee of Corizon to have Plaintiff evaluated by a chronic pain specialist.

8

23. On or about January 19, 2018 Kirby referred to Plaintiff as being "lazy and fat" and also told Plaintiff that "there is nothing wrong with me" and "I am exaggerating."

24. On or about January 24, 2018 Kirby falsified Plaintiff's medical record by stating that Plaintiff was "grimacing" before being touched during an examination.

25. On or about March 13, 2018 Kirby alleged that Plaintiff was faking the amount of pain she was in and overreacting.

26. On or about April 12, 2018 Plaintiff was unable to engage in physical therapy because of the amount of excruciating pain she was experiencing. Plaintiff believes, and therefore avers, that the physical therapist also recommended that Plaintiff undergo an additional evaluation, which request was denied by Corizon.

27. On or about May 2, 2018 Plaintiff was informed by an agent, servant, and/or employee of Corizon that Corizon will not permit any further evaluation, examination or additional tests to be performed concerning Plaintiff's ongoing back condition and associated pain.

28. On or about May 18, 2018 Bredeman discontinued Plaintiff's Tramadol that he had been prescribing after learning that Plaintiff had filed an Informal Resolution Request, which is the administrative grievance procedure used for inmates in the custody of the Missouri Department of Corrections.

9

29.  On or about June 1, 2018, both Meehan and Epperson denied Plaintiff's request to see a neurologist, to be treated for the excruciating pain she was experiencing and be evaluated by a chronic pain provider.

30.  Plaintiff believes, and therefore avers, that both Kirby and Epperson made intentional false entries in Plaintiff's medical record and have had their employment with Corizon terminated as a result of making false entries into inmates' records and/or not properly documenting Plaintiff's and other inmates' medical records.

31.  As a result of unnecessarily being confined to a wheelchair Plaintiff has gained over 60 pounds since October, 2017.

32.  Without the proper medical treatment, as the result of from Defendants' wrongful conduct, Plaintiff will continue to experience excruciating pain, the possibility of being paralyzed and the continued loss of mobility in the future.

33. As a result of Defendants' conduct in failing to provide Plaintiff with the proper medical care and the humiliation she has suffered as a result of Kirby's conduct as set forth in paragraphs 23 through 25 above, Plaintiff is now required to take psychotropic medication.

## COUNT-I AGAINST CORIZON

For Count I of her Complaint against Defendant Corizon, Plaintiff states as follows:

10

34. Plaintiff hereby incorporates paragraphs 1 through 33 above as though the same were fully set forth at length herein.

35. Defendant Corizon, has a direct responsibility by and through its relationship with the State of Missouri to provide proper health care to Plaintiff within the meaning of the Constitution, in that it is the very purpose of their relationship.

36. Defendant Corizon is the health care provider contracted by the Missouri Department of Corrections. Defendant Corizon knew about Plaintiff's serious medical needs by and through contact with their medical personnel, and through the administrative remedy process.

37. Defendant Corizon has a duty not to make policies or customs which deny necessary medical treatment to inmates, such that those policies or customs result in injury to Plaintiff or any other inmate.

38. Defendant Corizon breached those duties by making it a policy or custom, or allowing its management and/or employees to follow a policy or custom to deny inmates, including Plaintiff, necessary medical treatment, by:

(a) Failing to properly follow medical administration procedures;

(b) Delaying or failing to follow medical treatment and surgery process protocols;

(c) Developing a standard practice of minimizing diagnoses and denying or delaying necessary medical treatment to inmates in order to avoid the

11

overhead expense of such treatment; and/or

(d) Failing to respond to Plaintiff's grievance process complaint in a timely manner, or at all.

39. Defendant Corizon's policies, customs, or actions which deny Plaintiff and other inmates medical treatment, resulted in and continues to result in further pain and injury to Plaintiff, in that she will continue to experience excruciating pain and suffering as a result of Defendant Corizon's failure to provide her with proper medical treatment for her back condition.

40. Defendant Corizon will continue to follow its policies and customs for refusing to provide Plaintiff with medical treatment, as well as violate Plaintiff's Constitutional rights towards Plaintiff's health, welfare, and severe pain and suffering experienced by Plaintiff on a daily basis by refusing to honor Plaintiff's request for necessary medical treatment and surgery.

41. Corizon's actions or lack thereof, resulted in unnecessary and wanton infliction of pain, which continues, as well as permanent injury to Plaintiff.

WHEREFORE, Plaintiff Regina Williams respectfully asks this Court to enter judgment in her favor and against Corizon LLC, for compensatory damages, punitive damages, her taxable costs and such other legal and equitable relief the Court deems appropriate, including an order directing Defendant Corizon to provide Plaintiff the necessary medical treatment and

12

surgery to Plaintiff for her ongoing back condition.

## COUNT-11 NEGLIEGENCE

For Count II of her Complaint against all Defendants, Plaintiff states as follows:

42. Plaintiff hereby incorporates paragraphs 1 through 41 above as though the same were fully set forth at length herein,

43. Plaintiff was a patient of the medical provider defendants Corizon LLC, Thomas K. Bredeman, M.D., Karen Epperson, M.D. Stormi Moeller, RN, Jenny Meehan, R.N., and Valacia Kirby, R.N., who thereby owed Plaintiff a duty to provide reasonable medical care.

44. In addition, all Defendants owed Plaintiff a general duty to take reasonable care in supervising, directing, overseeing, approving, and denying medical care, recommendations, and orders from Plaintiff's health care providers.

45. Defendants' failures and refusals as set forth above to: provide adequate and appropriate medical treatment for Plaintiff's ongoing back condition; respond to Plaintiff's multitude of request for medical treatment and pain medication; transfer Plaintiff to an outside facility for medical treatment and/or surgery were failures to use ordinary care, and failures to use that degree of skill and learning ordinarily exercised by members of Defendants' professions under the same or similar circumstances.

13

46. Defendants' negligence directly caused or directly contributed to cause the damages alleged in Counts 4-7.

WHEREFORE, Plaintiff Regina Williams respectfully asks this Court to enter judgment in her favor and against Defendants Corizon LLC, Thomas K. Bredeman, M.D., Karen Epperson, M.D. Stormi Moeller, RN, Jenny Meehan, R.N., and Valacia Kirby, R.N., for compensatory damages, punitive damages, her taxable costs and such other legal and equitable relief the Court deems appropriate, including an order directing Defendants to provide Plaintiff necessary medical treatment and surgery to Plaintiff for her ongoing back condition.

## COUNT-111 VIOLATION OF DUE PROCESS RIGHTS

For Count III of her Complaint against all Defendants, Plaintiff states as follows:

47. Plaintiff hereby incorporates paragraphs 1 through 46 above as though the same were fully set forth at length herein.

48. In every prisoner, Missouri creates the right to have access to a physician and/or medicine necessary to maintain the health of the prisoner. RSMo. Section 221.120.

49. Furthermore, Plaintiff is entitled to a grievance procedure at CCC regarding her complaints of lack of medical treatment.

50. Under the circumstances of Paragraphs 48 and 49, the Due Process

14

Clause of the Fourteenth Amendment entitles Plaintiff to minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state-created right is not arbitrarily abrogated.

51. Despite Plaintiff informing Defendants of her ongoing back condition and pain and her need for medical treatment on numerous occasions over a lengthy period of time, and despite Defendants being made aware of Plaintiff's ongoing back condition and pain, Defendants have still not provided Plaintiff with necessary medical treatment. Additionally, Defendants have not provided Plaintiff with the necessary pain medication for her serious and ongoing back condition. At best, Defendants have prescribed pain medication sporadically, and worse, Defendants have prescribed inappropriate medications not warranted by Plaintiff's condition or complaints. Furthermore, as is more fully set forth above, Bredeman arbitrarily stopped Plaintiff's pain medication after he became aware that Plaintiff filed an institutional grievance against him.

52. Defendants continue to deprive Plaintiff of the right to medical treatment and medication, as well as access to a meaningful, objective and an unbiased internal grievance procedure.

53. Due Process must attach to these deprivations of rights.

54. Defendants neither gave Plaintiff a written statement by the fact-finders as to the evidence relied on and the reasons for the denial of her medical treatment nor allowed Plaintiff to call witnesses and present evidence

in a hearing before denying her necessary medical treatment. Therefore, every time that Defendants deprive Plaintiff of one the rights listed in Paragraphs 48 and 49, they violate Plaintiff's Due Process rights guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff Regina Williams respectfully asks this Court to enter judgment in her favor and against Defendants Corizon LLC, Thomas K. Bredeman, M.D., Karen Epperson, M.D. Stormi Moeller, RN, Jenny Meehan, R.N., and Valacia Kirby, R.N., for compensatory damages, punitive damages, her taxable costs and such other legal and equitable relief the Court deems appropriate, including an order directing Defendants to provide Plaintiff necessary medical treatment and surgery to Plaintiff for her ongoing back condition.

## COUNT-IV VIOLATION OF PLAINTIFF'S EIGHTH AMENDEMENT RIGHTS

For Count IV of her Complaint against all Defendants, Plaintiff states as follows:

55.  Plaintiff hereby incorporates paragraphs 1through 54 above as though the same were fully set forth at length herein.

56.  Plaintiff at all relevant times suffers from and continues to suffer from a serious and painful ongoing back condition that is causing her and has caused her to suffer from pain and mental anguish.

57. Defendants have repeatedly failed to provide the Plaintiff with the

necessary medical and surgical care as well as the necessary and correct medication for her serious ongoing back condition. It is obvious to a layperson that a doctor's attention is necessary to properly treat and care for her ongoing serious back condition as well as provide her the necessary relief from her constant pain she has and continues to experience.

58. Defendants knew of Plaintiff's medical need and have and continue to fail to properly provide the necessary and correct medical care and are therefore deliberately indifferent to Plaintiff's serious medical need.

59. Defendants' refusal to act caused physical pain and suffering and mental anguish to Plaintiff.

60. As a direct and proximate result of Defendants' conduct set forth herein, Plaintiff has suffered from and continues to suffer from, depression, panic attacks, excruciating pain, nightmares, increased heart rate, shortness of breath, headaches and anxiety as well as Post Traumatic Stress Disorder.

61. Defendants' actions were reckless and callous in disregarding Plaintiff's rights and constitute an intentional violation of the Eighth Amendment.

62. Defendants are aware that their refusal and failure to provide the correct medical treatment is causing Plaintiff's continued pain, suffering, and mental anguish.

WHEREFORE, Plaintiff Regina Williams respectfully asks this Court to

17

enter judgment in her favor and against Defendants Corizon LLC, Thomas K. Bredeman, M.D., Karen Epperson, M.D. Stormi Moeller, RN, Jenny Meehan, R.N., and Valacia Kirby, R.N., for compensatory damages, punitive damages, her taxable costs and such other legal and equitable relief the Court deems appropriate, including an order directing Defendants to provide Plaintiff necessary medical treatment and surgery to Plaintiff for her ongoing back condition.

**COUNT-V INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

For Count V of her Complaint against all Defendants, Plaintiff states as follows:

63. Plaintiff hereby incorporates paragraphs 1 through 62 above as though the same were fully set forth at length herein.

64. Beginning in on or about July, 2017 while in the custody of the Missouri Department of Corrections and while confined at the CCC, Plaintiff has suffered from and continues to suffer from a serious condition involving her back, which is also causing her excruciating pain and discomfort.

65. Defendants have known about this ongoing serious back condition since on or about July, 2017 yet, continue to intentionally or recklessly withhold medical treatment and the proper medication from Plaintiff for which she has a documented need.

66. Defendants' conduct is extreme and outrageous, especially

18

considering the extreme pain that the serious back condition is causing

Plaintiff, as well as a very real risk that Plaintiff may become paralyzed at any

moment if she does not receive the proper medical or surgical treatment.

67. As a direct and proximate result of Defendants' conduct set forth

herein, Plaintiff has suffered from and continues to suffer from, depression,

panic attacks, excruciating pain, nightmares, increased heart rate, shortness of

breath, headaches and anxiety as well as Post Traumatic Stress Disorder.

WHEREFORE, Plaintiff Regina Williams respectfully asks this Court to

enter judgment in her favor and against Defendants Corizon LLC, Thomas K.

Bredeman, M.D., Karen Epperson, M.D. Stormi Moeller, RN, Jenny Meehan,

R.N., and Valacia Kirby, R.N., for compensatory damages, punitive damages,

her taxable costs and such other legal and equitable relief the Court deems

appropriate, including an order directing Defendants to provide Plaintiff

necessary medical treatment and surgery to Plaintiff for her ongoing back

condition.

### COUNT-VI NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

For Count VI of her Complaint against all Defendants, Plaintiff states as

follows:

68. Plaintiff hereby incorporates paragraphs 1 through 67 above as

though the same were fully set forth at length herein.

69. As individuals responsible for Plaintiff's medical care, Defendants

have a duty to protect Plaintiff from undue emotional distress.

70. By denying Plaintiff the proper medical and/or surgical care, as well as the necessary and correct medication for her extreme pain, Defendants caused Plaintiff to suffer physical and emotional distress.

71. By denying Plaintiff the proper medical and/or surgical care, as well as the necessary and correct medication for her extreme pain, Defendants failed to protect Plaintiff from undue emotional distress.

72. Defendants realized or should have realized that their conduct involved an unreasonable risk of causing emotional distress to the Plaintiff.

73. As a direct and proximate result of Defendants' conduct set forth herein, Plaintiff has suffered from and continues to suffer from, depression, panic attacks, excruciating pain, nightmares, increased heart rate, shortness of breath, headaches and anxiety as well as Post Traumatic Stress Disorder.

74. Plaintiff's emotional distress and/or mental injury is medically diagnosable and is of sufficient severity to be medically significant.

WHEREFORE, Plaintiff Regina Williams respectfully asks this Court to enter judgment in her favor and against Defendants Corizon LLC, Thomas K. Bredeman, M.D., Karen Epperson, M.D. Stormi Moeller, RN, Jenny Meehan, R.N., and Valacia Kirby, R.N., for compensatory damages, punitive damages, her taxable costs and such other legal and equitable relief the Court deems appropriate, including an order directing Defendants to provide Plaintiff

20

necessary medical treatment and surgery to Plaintiff for her ongoing back condition.

### **Count-VII Refusal to Provide Timely Medical Treatment and Surgery**

For Count VII of her Complaint against all Defendants, Plaintiff states as follows:

75. Plaintiff hereby incorporates paragraphs 1 through 74 above as though the same were fully set forth at length herein.

76. Defendants have a duty not to inflict cruel and unusual punishment on any inmate, including Plaintiff, that are under their care in violation of Plaintiff's Constitutional rights.

77. Defendants have a duty not to act with deliberate indifference to serious medical needs of inmates, including Plaintiff, that are under their care in violation of Plaintiff's Constitutional rights.

78. Defendants breached those duties by:

(a) Providing inadequate or inappropriate medical treatment to Plaintiff for her ongoing serious back condition and pain;

(b) Failing to timely treat and respond to Plaintiff's complaints of pain and requests for medical treatment;

(c) Failing to properly follow medical administration procedures;

(d) Failing to refer Plaintiff to appropriate medical specialists;

(e) Knowing that it was both likely and foreseeable that the delay in

21

treating Plaintiff's serious and ongoing back condition would cause Plaintiff to continue to endure excruciating pain and further physical impairments to her back and other areas of her body;

79. Defendants' failure to take appropriate action and refusal to provide Plaintiff with medical treatment for her serious and ongoing back condition directly caused or directly contributed to cause harm to Plaintiff.

80. Plaintiff continues to experience excruciating pain and suffering as a result of Defendants' failure to provide her with proper medical treatment.

81. Plaintiff continues to experience harm from the likelihood that Defendants will continue to deny medical treatment to Plaintiff, as there has been no declaration that Defendants will honor Plaintiff's request for necessary medical treatment and/or surgery.

82. Defendants were acting pursuant to a pattern, practice, policy, procedure, custom, or regulation established and implemented by Defendants not to provide or offer necessary medical and surgical procedures to inmates in order to keep down costs. Defendants acted on their own and in concert with the other defendants after reaching a mutual understanding.

83. Defendants continue to act with deliberate indifference and in violation of Plaintiff's Constitutional rights towards Plaintiff's health, welfare, and severe pain and suffering experienced by Plaintiff on a daily basis by refusing to declare they will honor Plaintiff's request for necessary medical

treatment and surgery.

WHEREFORE, Plaintiff Regina Williams respectfully asks this Court to enter judgment in her favor and against Defendants Corizon LLC, Thomas K. Bredeman, M.D., Karen Epperson, M.D. Stormi Moeller, RN, Jenny Meehan, R.N., and Valacia Kirby, R.N., for compensatory damages, punitive damages, her taxable costs and such other legal and equitable relief the Court deems appropriate, including an order directing Defendants to provide Plaintiff necessary medical treatment and surgery to Plaintiff for her ongoing back condition.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States as to all damages.

Respectfully Submitted,

Dated: 5·7·19

Regina Williams, Plaintiff

23