# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| REGINA WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CORIZON, DR. THOMAS K. )<br>BREDEMAN, STORMI MOELLER, )<br>JENNY MEEHAN, KAREN EPPERSON, )<br>VALICIA KIRBY, )<br>)<br>Defendants. ) | CIVIL ACTION<br>FILE NO.: 5:19-CV-06018-GAF |

## THE SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (Doc. 22.)

COME NOW Defendants CORIZON, LLC, THOMAS BREDEMAN, M.D., STORMI MOELLER, R.N., JENNY MEEHAN, R.N., KAREN EPPERSON, M.D., and VALICIA KIRBY, N.P. ("Defendants"), by and through undersigned counsel, and file these suggestions in opposition to the Plaintiff's Motion to Amend her Complaint (Doc. 22) as follows:

## BACKGROUND

**A. Procedural Background**

Plaintiff Regina Williams ("Plaintiff"), a *pro se* inmate incarcerated by the Missouri Department of Corrections ("MDOC"), initiated this suit on February 12, 2019. (Doc. 1). Plaintiff's initial complaint alleges Eighth Amendment claims stating that, since July 5, 2017, she has suffered from lower back pain and sciatica and has not received appropriate medical care from Defendants for her condition. (Doc. 1, p. 5). Plaintiff alleges that her sciatica nerve pain is controlled with pain medication. However, she claims that her lower back pain has progressed to the point that she requires a wheelchair.

(*Id*.). She claims she is receiving psychiatric treatment and medications, along with steroids, but, states that she believes an outside evaluation by a neurologist is medically necessary. (*Id*., pp. 5-6).

On April 26, 2019, Defendants timely filed their Answer (Doc. 20) and on May 9, 2019, Plaintiff filed a motion for leave to file amended complaint. (Doc. 22). Certain of Plaintiff's claims in Plaintiff's proposed First Amended Complaint have no merit and fail to state a claim.

### B. Allegations in Proposed First Amended Complaint.

For purposes of this brief only, and not as admissions thereof, Defendants accept the allegations of Plaintiff's proposed First Amended Complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Plaintiff names the same defendants and generally states the same factual allegations regarding lower back pain and her desired treatment in her First Amended Complaint as she alleged in in her initial Complaint. (*See* Doc. 1, Doc. 22). Plaintiff's claims in her proposed First Amended Complaint relate entirely to her medical care. (*See* Doc. 22). Plaintiff's initial Complaint states claims for Eighth Amendment deliberate indifference and a First Amendment retaliation claim. Her proposed First Amended Complaint contains multiple claims including Eighth Amendment claims, Fourteenth Amendment due process claims, state law negligence claims, state law claims of intentional infliction of emotional distress and negligent infliction of emotional distress, and a claim for "Refusal to provide timely medical treatment and surgery." (Doc. 22, pp. 11-24).

Plaintiff's allegations in her First Amended Complaint are that, starting in or about July, 2017, Plaintiff was diagnosed with a serious back and/or spinal condition that

has caused her "continuous pain, weakness and has made it necessary for her to be confined to a wheelchair since on or about October 19, 2017." (*Id*. at 9). Plaintiff states she is suffering from foraminal stenosis, radiculopathy, neuropathy, as well as two bulging discs in her spine. (*Id*.).

Plaintiff alleges that, despite several requests from a nurse practitioner, in or about 2017 and 2018 that Plaintiff receive additional X-Rays, an MRI, a CAT Scan, and be seen by a neurologist, Defendants Corizon, Dr. Bredeman and Nurse Moeller repeatedly denied those requests. (*Id*.). Plaintiff alleges that Nurse Kirby referred to Plaintiff as being "lazy and fat" and also told Plaintiff that "there is nothing wrong with [her]" and "[she was] exaggerating." (*Id*. at 10). Plaintiff alleges that Nurse Kirby falsified Plaintiff's medical record by stating that Plaintiff was "grimacing" before being touched during an examination. (*Id*.).

Plaintiff alleges that she was informed by an unnamed "agent, servant, and/or employee of Corizon that Corizon will not permit any further evaluation, examination or additional tests to be performed concerning Plaintiff's ongoing back condition and associated pain." (*Id*.). She claims that Dr. Bredeman discontinued her Tramadol prescription after learning that Plaintiff had filed an informal grievance. (*Id*.).

Plaintiff claims that Defendants Meehan and Epperson denied Plaintiff's request to see a neurologist for treatment of her back pain and to be evaluated by a chronic pain provider. Plaintiff states that she believes that Defendants Kirby and Epperson both made intentional false entries in Plaintiff's medical record. (*Id*. at 11).

Plaintiff alleges that as a result of "unnecessarily being confined to a wheelchair, Plaintiff has gained over 60 pounds since October 2017." (*Id*.). She states that as a result of Defendants' wrongful conduct, she will continue to "experience excruciating pain, the

3

possibility of being paralyzed, the continued loss of mobility in the future" and is "now required to take psychotropic medication." (*Id.*).

## ARGUMENT AND CITATION TO AUTHORITY

The Court freely gives leave to amend a complaint when justice so requires, Fed.R.Civ.P. 15(a)(2), but leave is not automatic. *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). If the amended pleading cannot withstand a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, it is futile, and the Court may deny leave. *Id.; Trademark Med., LLC v. Birchwood Labs., Inc.,* 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014) (quotations omitted). Even accepting Plaintiff's new allegations as true, as described below, certain of her proposed claims are futile and should be dismissed. Further, Plaintiff's claims of negligence, intentional infliction of emotional distress and negligent infliction of emotional distress should be treated as claims of medical malpractice.

### A. Count II, Negligence

In Count II of her proposed First Amended Complaint titled "Negligence," Plaintiff states that she "was a patient of the medical provider defendants Corizon LLC, Thomas K. Bredeman, M.D., Karen Epperson, M.D., Stormi Moeller, R.N., Jenny Meehan, R.N., and Valacia Kirby, R.N., who thereby owed Plaintiff a duty to provide reasonable medical care." (Doc. 22, p. 14). She then states: "all Defendants owed Plaintiff a general duty to take reasonable care in supervising, directing, overseeing, approving, and denying medical care, recommendations, and orders from Plaintiff's health care providers." (*Id.*).

It is important at this early stage of the pleadings to characterize Plaintiff's state law claims of negligence and infliction of emotional distress claims for what they are: a

medical practice action. Despite her attempt to plead the Defendants' duty and breach as an ordinary negligence claim, this matter is a medical malpractice action: Plaintiff is challenging the decisions of her medical providers over the course of care they pursued.

Pursuant to Missouri statute, "[i]n any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition." § 538.225.1, R. S.Mo. The Eighth Circuit has held that this statute applies to claims filed in federal court. *See Hill v. Morrison,* 870 F. Supp. 978, 983 (W.D. Mo. 1994).

As such, Plaintiff will be required to come forward with an expert affidavit to support her malpractice claims within ninety (90) days of filing her claim. V.A.M.S. § 538.225. To avoid these additional procedural requirements, plaintiffs may not style what is essentially a claim for malpractice as one for ordinary negligence. Based on the above, Plaintiff's claim of negligence should be construed as a claim of medical malpractice and subject to the requirements of V.A.M.S. § 538.225.

**B. Count III, Violation of due process rights.**

In Count III of her proposed First Amended Complaint, Plaintiff claims she was deprived of her Fourteenth Amendment due process rights because: 1) under Missouri law, prisoners have a right to access to appropriate medical care while incarcerated and 2) prisoners are entitled to a grievance procedure while incarcerated. (Doc. 22, pp. 15-16).

5

The Eighth Circuit "analyzes a pretrial detainee's § 1983 claim under the Due Process Clause of the Fourteenth Amendment, not under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir.2007), *cert. denied*, 552 U.S. 826 (2007). "Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Id*. As Plaintiff is an imprisoned convict, and not a pretrial detainee, her claims that she was deprived of appropriate medical treatment by Defendants must be construed as Eighth Amendment claims, not Fourteenth Amendment due process claims. *McRaven v. Sanders*, 577 F.3d 974, 979–80 (8th Cir. 2009).

Further, inmates do not have a constitutionally protected liberty in having their grievances properly investigated and acted upon. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (holding that a failure to process prison grievances "is not actionable under section 1983" because a prison grievance procedure "does not confer any substantive right upon [ ] inmates" and, thus, "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment") (quotation omitted). As Plaintiff has failed to state a claim against Defendants under the Fourteenth Amendment due process clause, Count III of Plaintiff's First Amended Complaint should be denied as futile.

**COUNTS V AND VI: Intentional infliction of emotional distress and negligent infliction of emotional distress**

In Counts V and VI of Plaintiff's proposed First Amended Complaint, she asserts claims of intentional and negligent infliction of emotional distress. (Doc 22, pp. 19-21). As with Plaintiff's allegations in her Negligence Count II above, her claims of intentional and negligent infliction of emotional distress are claims of medical malpractice. *See*

6

*Wann v. Francois*, No. 4:15 CV 895 CDP, 2016 WL 3348408, at *3 (E.D. Mo. June 16, 2016), aff'd sub nom. *Wann v. St. Francois Cty., Missouri*, 698 F. App'x 857 (8th Cir. 2017).

All of Plaintiff's claims relate solely to the wrongful acts of health care providers in providing health care services to Plaintiff and the damages she seeks are for her personal injuries. *See St. John's Reg'l Health Ctr., Inc. v. Windler*, 847 S.W.2d 168, 170-172 (Mo. Ct. App. 1993) ("personal injuries" include "all actions for injuries to the person, whether to the person's rights or to the person's body."). The true claims in these counts of the complaint are therefore within the statute requiring a health care affidavit. *Mello v. Giliberto*, 73 S.W.3d 669, 679 (Mo. Ct. App. 2002) (statute applied to all claims raised in plaintiff's complaint, including claims of battery, lack of informed consent, and violations of state policies on care and treatment of elderly). *See also Vitale v. Sandow*, 912 S.W.2d 121 (Mo. Ct. App. 1995) (affidavit required for claim of libel because doctors' challenged statements constituted their medical diagnosis and evaluation of plaintiff's condition); *Windler*, 847 S.W.2d at 170-71 (affidavit required for claim of false imprisonment where the basis for the claim was the incorrect medical determination that plaintiff needed to be confined in psychiatric hospital); *Jacobs v. Wolff,* 829 S.W.2d 470, 472-73 (Mo. Ct. App. 1992) (affidavit required for claim of negligence against nurse who allegedly submitted false report regarding plaintiff's activities during rehabilitation). *Wann*, at *4. (affidavit required for claim of intentional infliction of emotional distress and negligent infliction of emotional distress).

Irrespective of how Plaintiff chooses to couch his claims, under Missouri law,

> The legal question is whether the gravamen of plaintiff's claims for damages consists of claims against [the medical providers] in their capacity as health care providers. Given

7

> the relationship of the parties and the true claim for damages relates to wrongful acts of a health care provider, we find § 538.225 RSMo 1986 applies regardless of the characterization of the claims by plaintiff.

*Jacobs,* 829 S.W.2d at 472. As Plaintiff's allegations indicate that she is suing the Defendants in their capacity as medical providers, her claims sound in malpractice, and she must comply with the statutory prerequisites for a malpractice action. Based on the above, Plaintiff's claims of intentional infliction of emotional distress and negligent infliction of emotional distress should be held to be claims of medical malpractice and subject to the requirements of V.A.M.S. § 538.225.

## CONCLUSION

For the reasons set forth in this Response, Defendants respectfully request that Count III of Plaintiff's proposed amended complaint be denied as futile and that Counts II, V and VI be deemed claims for medical malpractice and subject to the requirements of V.A.M.S. § 538.225.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO  63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Corizon, LLC,
Thomas Bredeman, M.D. Stormi Moeller,
Jenny Meehan, Karen Epperson and Valicia
Kirby*

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 23rd day of May, 2019 to the following:

Regina Williams
#86529
Chillicothe Correctional Center
3151 Litton Road
Chillicothe, MO 64601

*Pro se Plaintiff*

                  */s/ Libby Cozzoni*