UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| REGINA WILLIAMS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 19-6018-CV-SJ-GAF-P |
| CORIZON, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff has submitted a motion for leave to file an amended complaint, wherein Plaintiff seeks to assert new "counts" against Defendants. Doc. 22. In response, Defendants argue that Count III should be denied as futile and that Counts II, V, and VI should be construed as claims of medical malpractice subject to the requirements of Mo. Rev. Stat. § 538.225. Doc. 23. In reply, Plaintiff asks that Count II be dismissed without prejudice. Doc. 25, p. 2. Plaintiff further alleges that Count III was intended as a claim of retaliation, in that Defendant Bredeman discontinued a prescription as a result of Plaintiff filing a grievance against him. *Id*. at 3-4. Plaintiff also alleges that Counts V and VI were intended as claims for mental and emotional injuries under the Eighth Amendment. *Id*. at 4-6.

The Court may properly deny a party's motion to amend its complaint when such an amendment would be futile. *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir. 2003)). An amendment is futile when it would not survive a motion to dismiss. *See In re Senior Cottages of Am.*, LLC, 482 F.3d 997, 1001 (8th Cir. 2007) (citations omitted) ("[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a [motion to dismiss.]").

In Count III, Plaintiff claims that she was denied due process under the Fourteenth Amendment

when she was denied medical care for her ongoing back condition and pain. Doc. 22, pp. 15-16. Plaintiff also claims that she was deprived of the right to "an unbiased internal grievance procedure," was not given "a written statement by the fact-finders as to the evidence relied on and the reasons for the denial of her medical treatment," and "was not allowed to call witnesses and present evidence in a hearing" during the grievance process. *Id*. at 16-17. Plaintiff also alleges that Defendant Bredeman "arbitrarily stopped Plaintiff's pain medication after he became aware that Plaintiff filed an institutional grievance against him." *Id*. at 16.

Because Plaintiff is an imprisoned convict, not a pretrial detainee, her claims regarding the deprivation of appropriate medical care are raised under the Eighth Amendment, not the Fourteenth Amendment. *Cf. Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Because Kahle was a pretrial detainee at the time of the alleged violation, her § 1983 claim is not analyzed under the Eighth Amendment, but instead under the Fourteenth Amendment's Due Process Claim . . . Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts received under the Eighth Amendment."). Plaintiff raises Eighth Amendment violations regarding her medical treatment in other counts in her complaint. *See* Doc. 22, pp. 17-19. Furthermore, inmates do not have a constitutionally protected liberty in having their grievances properly investigated and acted upon. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (holding that a failure to process prison grievances "is not actionable under section 1983" because a prison grievance procedure "does not confer any substantive right upon [ ] inmates" and, thus, "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.") (quotation omitted). Plaintiff fails in Count III to set forth any other cognizable due process claim.

Although Plaintiff now claims in her reply that Count III was intended as a claim of retaliation, such a claim would be brought under the First Amendment, not the Fourteenth Amendment. *See Santiago v. Blair*, 707 F.3d 984, 991-92 (8th Cir. 2013) (analyzing a claim of retaliation in response to a prison grievance as a violation of the First Amendment). Nowhere in Plaintiff's articulation of Count

2

III does she raise a claim of retaliation or cite the First Amendment. Doc. 22, pp. 15-17. Although Plaintiff mentions in Count III that Defendant Bredeman discontinued her pain medication after he became aware that Plaintiff filed a grievance against him (Doc. 22, p. 16), that allegation is clearly raised in the context of a due process violation and, as set forth above, Plaintiff's allegations of the denial of medical care are more appropriately raised under the Eighth Amendment due to her status as a convicted prisoner. Insofar as Plaintiff now intends to further amend any of her claims in her reply (Doc. 25), a plaintiff cannot amend his or her complaint by raising additional factual allegations and claims in response to a motion to dismiss. *Morgan Distrib. Co., Inc. v. Unidynamic Corp.,* 868 F.2d 992, 995 (8th Cir.1989) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief.").

Therefore, Count III must be severed dismissed as futile and for failing to state a claim. Count II will be severed and dismissed without prejudice at Plaintiff's request. This Court takes no position at this time as to whether Counts V and VI should be construed as claims of medical malpractice subject to Mo. Rev. Stat. § 538.225. Defendants may file a separate motion to dismiss on this issue at the appropriate time.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's motion for leave to file an amended complaint (Doc. 22) is granted;

(2) Count II of Plaintiff's amended complaint is severed and dismissed without prejudice at Plaintiff's request; and

(3) Count III of Plaintiff's amended complaint is severed and dismissed as futile and for failing to state a claim for the reasons set forth herein.

/s/ Gary A. Fenner_____
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2019.