| | |
|---|---|
| REGINA WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CORIZON, DR. THOMAS K. )<br>BREDEMAN, STORMI MOELLER, )<br>JENNY MEEHAN, KAREN EPPERSON, )<br>VALICIA KIRBY, )<br>)<br>Defendants. ) | Case No.: 5:19-CV-06018-GAF |

## ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR TRIAL BY JURY OF DEFENDANTS CORIZON, LLC, THOMAS BREDEMAN, M.D., STORMI MOELLER, JENNY MEEHAN, KAREN EPPERSON AND VALICIA KIRBY TO PLAINTIFF'S AMENDED COMPLAINT (Doc. 22)

COME NOW Defendants CORIZON, LLC, THOMAS BREDEMAN, M.D., STORMI MOELLER, JENNY MEEHAN, KAREN EPPERSON, and VALICIA KIRBY ("Defendants"), by and through their undersigned counsel, and answer Plaintiff's Amended Complaint (Doc.22) as follows[1]:

### PRELIMINARY STATEMENT

Paragraphs 1-3: Defendants admit that Plaintiff is Regina Williams, Inmate No.: 86529, at the address listed in this Paragraph. Defendants admit that Plaintiff has named Thomas Bredeman, M.D., Stormi Moeller, Jenny Meehan, Karen Epperson, and Valicia Kirby as defendants and that each are current or former employees of Corizon LLC. Defendants admit that Plaintiff brings this action under 42. U.S.C. § 1983. Defendants specifically deny that they violated Plaintiff's constitutional rights, committed medical malpractice, were negligent with regard to Plaintiff, that their conduct was in any other

---

[1] In its order screening Plaintiff's amended complaint, the Court ordered that Count II of Plaintiff's amended complaint is severed and dismissed without prejudice at Plaintiff's request and that Count III of Plaintiff's amended complaint is severed and dismissed as futile and for failing to state a claim. (*See* Doc. 26).

way wrongful, violated Plaintiff's civil rights, or that their conduct caused or contributed to cause any of Plaintiffs' claimed injuries or other damages. Defendants further deny that Plaintiff is entitled to any of the relief requested in her Amended Complaint.

## JURISDICTION AND VENUE

4. Defendants do not dispute subject matter jurisdiction of this Court at this time. Defendants deny that Plaintiff may recover on any claim against these Defendants.

5. Admitted.

6. Defendants do not dispute venue.

7. Defendants do not dispute venue.

8. Defendants do not have sufficient information to admit or deny the allegations of this Paragraph and Plaintiff is left to her proofs.

9. Defendants do not have sufficient information to admit or deny the allegations of this Paragraph and Plaintiff is left to her proofs.

## PARTIES

10. Admitted.

11. Defendants admit that Corizon LLC is contracted to provide medical services to inmates of the Missouri Department of Corrections. The remaining allegations in this Paragraph are denied as stated.

12. Upon information and belief, Defendants admit that Dr. Bredeman is an employee of Corizon, LLC. All remaining allegations contained in this Paragraph are denied, and Plaintiff is left to her proofs.

2

13. Upon information and belief, Defendants admit that Dr. Epperson is an employee of Corizon, LLC. All remaining allegations contained in this Paragraph are denied, and Plaintiff is left to her proofs

14. Upon information and belief, Defendants admit that Ms. Moeller is an employee of Corizon, LLC. All remaining allegations contained in this Paragraph are denied, and Plaintiff is left to her proofs

15. Upon information and belief, Defendants admit that Ms. Meehan is an employee of Corizon, LLC. All remaining allegations contained in this Paragraph are denied, and Plaintiff is left to her proofs.

16. Upon information and belief, Defendants admit that Ms. Kirby is an employee of Corizon, LLC. All remaining allegations contained in this Paragraph are denied, and Plaintiff is left to her proofs

**FACTUAL ALLEGATIONS**

Paragraphs 17-33: Upon information and belief, Defendants admit that Plaintiff brings claims related to medical treatment, but deny they violated Plaintiff's constitutional rights or any other rights. Plaintiff's medical condition and treatment will be documented in her medical records, and Defendants deny the allegations in this Paragraph to the extent they conflict with those records. Defendants deny that they ever denied Plaintiff any necessary medical care. Defendants deny that they have caused Plaintiff any harm or injury. Defendants deny all remaining allegations contained in this Paragraph as they pertain to them.

## COUNT-I AGAINST CORIZON

Paragraphs 34-41: Defendant Corizon denies the allegations in Count I of Plaintiff's amended complaint. Defendant Corizon specifically denies that it breached any duty to Plaintiff or had any policy or custom of denying inmates necessary medical treatment.

## COUNT-II NEGLIGENCE

Paragraphs 42-46: No response required as Count II of Plaintiff's amended complaint was dismissed by this court's screening order. (*See* Doc. 26).

## COUNT-III VIOLATION OF DUE PROCESS RIGHTS

Paragraphs 47-54: No response required as Count III of Plaintiff's amended complaint was dismissed by this court's screening order. (*See* Doc. 26).

## COUNT-IV VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS

Paragraphs 55-62: Plaintiff's medical condition and treatment will be documented in her medical records, and Defendants deny the allegations in this Paragraph to the extent they conflict with those records. Defendants deny that they ever denied Plaintiff any necessary medical care. Defendants deny that they have caused Plaintiff any harm or injury. Defendants deny that they violated Plaintiff's constitutional rights or any other right. Defendants deny all remaining allegations contained in this Paragraph as they pertain to them.

## COUNT-V INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraphs 63-67: Plaintiff's medical condition and treatment will be documented in her medical records, and Defendants deny the allegations in this Paragraph to the extent they conflict with those records. Defendants deny that they ever denied Plaintiff any necessary medical care. Defendants deny that they have caused Plaintiff any harm or injury.

Defendants deny all remaining allegations contained in this Paragraph as they pertain to them.

## COUNT-VI NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs 68-74: Plaintiff's medical condition and treatment will be documented in her medical records, and Defendants deny the allegations in this Paragraph to the extent they conflict with those records. Defendants deny that they ever denied Plaintiff any necessary medical care. Defendants deny that they have caused Plaintiff any harm or injury. Defendants deny all remaining allegations contained in this Paragraph as they pertain to them.

## COUNT-VII REFUSAL TO PROVIDE TIMELY MEDICAL TREATMENT AND SURGERY

Paragraphs 75-83: Plaintiff's medical condition and treatment will be documented in her medical records, and Defendants deny the allegations in this Paragraph to the extent they conflict with those records. Defendants deny that they ever denied Plaintiff any necessary medical care. Defendants deny that they have caused Plaintiff any harm or injury. Defendants deny all remaining allegations contained in this Paragraph as they pertain to them.

## JURY TRIAL DEMAND

Upon information and belief, Defendants admit that Plaintiff seeks a trial by jury, but deny that Plaintiff asserts valid claims against these Defendants under state or federal law that should be tried to a jury.

## GENERAL DENIAL

To the extent any of the allegations contained in Plaintiff's Amended Complaint are not heretofore admitted, denied, or otherwise answered, Defendants deny any and all remaining allegations in the Amended Complaint.

## AFFIRMATIVE DEFENSES

COME NOW Defendants CORIZON, LLC, THOMAS BREDEMAN, M.D., STORMI MOELLER, JENNY MEEHAN, KAREN EPPERSON, and VALICIA KIRBY, for their affirmative defenses to Plaintiff's Complaint, state as follows:

1. Defendants state that maintenance of this cause of action violates Defendants' rights to due process.

2. Defendants state that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Rule 12 (b), Fed. R. Civ. P.

3. Defendants state that Plaintiff's own negligence contributed to the injuries alleged in her Complaint.

4. Defendants state that Plaintiff's Complaint is frivolous within the meaning of 28 USC § 1915 as Plaintiff has no reasonable likelihood of success on the merits.

5. Defendants state that they are protected from liability and suit by the doctrine of qualified immunity and official immunity.

6. Defendants state that Plaintiff's claims are subject to dismissal as she may not have exhausted all available administrative remedies prior to filing this lawsuit.

7. Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of the State of Missouri, including, but not limited to, the following grounds:

(a) The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because the standards employed for awarding and assessing such damages are unconstitutionally vague;

(b) The submission and recovery of punitive damages by Plaintiff in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because there are no realistic standards or limits imposed upon the amount and no required relationship between the actual damage sustained and the amount of punitive damages which may be awarded;

(c) The submission and recovery of punitive damages by Plaintiff in this case is barred by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 2 of the Missouri Constitution, because the vague standards employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct;

(d) The submission and recovery of punitive damages by Plaintiff in this case is barred by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 19, 3 and 15 of the Missouri Constitution, since the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards to protect Defendant's rights against self-incrimination, the

right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures;

(e) The submission and recovery of punitive damages by Plaintiff in this case is barred by the Eighth Amendment of the Constitution of the United States and Article I, Section 21 of the Missouri Constitution, because an award of punitive damages would constitute an excessive fine in that under applicable Missouri law, a portion of punitive damages awards are paid to the State of Missouri, thus constituting a penal fine that is excessive and disproportionate to the conduct at issue in this case;

(f) The award of punitive damages to Plaintiff in this action would constitute a deprivation of Defendants' property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

(g) The submission and recovery of punitive damages in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the Unites States and Article I, Section 10 of the Missouri Constitution, because Plaintiff's claim for punitive damages serves no compensatory function and is not necessary to vindicate the public interest to deter such conduct, or to punish Defendants and deter conduct in the future.

8. Should it be determined that Plaintiff is entitled to seek punitive damages against Defendants at trial, Defendants demand a bifurcated trial.

9. Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

10. Defendants claim reliance on the benefits and provisions of Chapters 537 and 538, RSMo., as amended by House Bill 393 on August 28, 2005, including but not limited to, Sections 537.060, 537.067, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, and/or 538.300, as each may pertain to this cause of action.

11. Defendants did not violate the United States Constitution or any statutory right under federal or state law.

12. The medical care provided to Plaintiff was within the applicable standard of care.

13. The injunctive relief that Plaintiff seeks is moot.

14. Defendants reserve the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

## **Demand for Trial by Jury**

Defendants demand a trial by jury.

WHEREFORE, having fully answered Plaintiff's Complaint, CORIZON, LLC, THOMAS BREDEMAN, M.D., STORMI MOELLER, JENNY MEEHAN, KAREN EPPERSON, and VALICIA KIRBY request this Court dismiss Plaintiff's Complaint at Plaintiff's own cost.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO  63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Corizon, LLC, Thomas Bredeman, M.D. Stormi Moeller, Jenny Meehan, Karen Epperson and Valicia Kirby*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 20th day of June, 2019 to the following:

Regina Williams
#86529
Chillicothe Correctional Center
3151 Litton Road
Chillicothe, MO 64601

*Pro se Plaintiff*

*/s/ Libby Cozzoni*