IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| REGINA WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause no. 5:19-CV-06018-GAF |
| CORIZON, DR. THOMAS K. BREDEMAN, STORMI MOELLER, JENNY MEEHAN, KAREN EPPERSON, VALICIA KIRBY, | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS CORIZON, LLC, THOMAS BREDEMAN, M.D., STORMI MOELLER, JENNY MEEHAN, KAREN EPPERSON AND VALICIA KIRBY'S MOTION FOR PROTECTIVE ORDER**

COME NOW Defendants CORIZON, LLC, THOMAS BREDEMAN, M.D., STORMI MOELLER, JENNY MEEHAN, KAREN EPPERSON, and VALICIA KIRBY ("Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c)(1), and move for a protective order based on Plaintiff's improper service of discovery requests.

**I.     BACKGROUND**

Plaintiff Regina Williams ("Plaintiff"), a pro se inmate incarcerated by the Missouri Department of Corrections ("MDOC"), initiated this suit on February 12, 2019. (Doc. 1). Plaintiff's initial complaint alleges Eighth Amendment claims stating that, since July 5, 2017, she has suffered from lower back pain and sciatica and has not received appropriate medical care from Defendants for her condition. (Doc. 1, p. 5).

On April 26, 2019, Defendants timely filed their Answer (Doc. 20) and on May 9, 2019, Plaintiff filed a motion for leave to file amended complaint. (Doc. 22). On June 6, 2019, the Court entered an order allowing Plaintiff to file an amended complaint with Count II of the

amended complaint dismissed at Plaintiff's request and Count III of the amended complaint severed and dismissed as futile and for failure to state a claim. (Doc. 26). On June 20, 2019, Defendants answered the amended complaint and an amended pretrial scheduling order was entered stating that discovery would close on October 15, 2019 and motions for summary judgment were due by November 14, 2019. (Docs. 27, 29). On October 7, 2019, Plaintiff filed a motion to stay proceedings based on her belief that an upcoming outside neurologist would recommend surgery for her back pain. (Doc. 32). The court granted Plaintiff's motion to stay in the alternative by extending the discovery deadline to December 13, 2019 and the summary judgment deadline until January 13, 2020. (Doc. 33).

On December 12, 2019, counsel for Defendants received an email from an unknown individual named "Stephen Pope" who is not listed as counsel or a party in the present lawsuit and attaching a document production request. (*See* Ex. A, email from Stephen Pope). On December 20, 2019, counsel for defendants sent a letter to Plaintiff informing her that service of discovery requests by a non-party who has not appeared as counsel in the case was improper. (*See* Ex. B, letter to Plaintiff). On December 26, 2019, Plaintiff responded with a letter to Defendants' counsel stating: "Mr. Eckenrode, I received your letter. I expect my request for production of documents in Case No. 19-6018. I do not need, [expect] you to correspond just do as requested." (*See* Ex. C, letter to Tad Eckenrode). On January 2, 2020, Plaintiff filed another motion for extension of the discovery period as she claims that she is entitled to the medical records related to her outside neurology appointment on December 12, 2019, that she alleges recommend treatment for back pain that includes epidural injections. (Doc. 35). On January 2, 2020, the Court granted Plaintiff's motion to extend the discovery deadline and ordered Defendants to respond to Plaintiff's First Request for Production of Documents by February 1,

2

Case 5:19-cv-06018-GAF   Document 37   Filed 01/14/20   Page 2 of 4

2020 and ordered that Plaintiff submit a second request for production by January 17, 2020, with Defendants responses due 30 days thereafter. (Doc. 36). On January 8, 2020, counsel for Defendants received another email from "Stephen Pope" from his Gmail address stating that: "Regina asked that I send you her attached Second Request for Production of Documents." (*See* Ex. D, January 8, 2020 email from Stephen Pope). No certificate of service was filed with the Court for the second request for production.

## II. ARGUEMNT AND AUTHORITY

Counsel for Defendants seeks guidance from the Court as Plaintiff has refused to follow F.R.Civ.P. 5 regarding service of discovery papers. By seeking to serve discovery on Defendants through an unknown third party, Plaintiff subjects Defendants to possible confidentiality violations in addition to violating the basic service rules as set forth in the Federal Rules of Civil Procedure. Defendants request that the court either require Plaintiff to serve her discovery requests via the process set forth in F.R.Civ.P. 5, or authorize Defendants to respond to the discovery requests served via email from a non-party. Defendants do not seek an extension of time of the discovery period, nor do they seek an extension of the deadline for filing their motion for summary judgment.

WHEREFORE, Defendants CORIZON, LLC, THOMAS BREDEMAN, M.D., STORMI MOELLER, JENNY MEEHAN, KAREN EPPERSON, and VALICIA KIRBY request this Court grant this Motion for Protective Order and instruct Plaintiff to serve discovery requests in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode, Mo. Bar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Corizon, LLC, Thomas Bredeman, M.D. Stormi Moeller, Jenny Meehan, Karen Epperson and Valicia Kirby*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 14th day of January, 2020 to the following:

Regina Williams
#86529
Chillicothe Correctional Center
3151 Litton Road
Chillicothe, MO 64601

*Pro se Plaintiff*

*/s/Libby Cozzoni*

4